United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRENT JASON,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE,<br><br>        Defendant. | Case No. 3:16-cv-00530-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF No. 16] |

## INTRODUCTION

This case involves a delinquent taxpayer suing the Internal Revenue Service ("IRS") for damages and injunctive relief for alleged overreach and bad faith in its efforts to collect a tax debt. The petitioner and taxpayer, Mr. Jason, seeks damages for deprivation of due process, deceptive business practices, fraud, perjury, and intentional and negligent infliction of emotional distress.[1] Mr. Jason also seeks injunctive relief to stay forfeiture, institute a payment plan, allow for leave to file bankruptcy, and allow for leave to secure counsel.[2] The IRS moves to dismiss the case for lack of subject-matter jurisdiction on the grounds of sovereign immunity and failure to exhaust

---

[1] Compl. – ECF No. 1 at 4. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

[2] *Id.*

ORDER (No. 3:16-cv-00530-LB)

administrative remedies.[3] The court decides this matter without oral argument and vacates the hearing set for July 28, 2016. *See* Civil L.R. 7-1(b). The court grants the government's motion and dismisses Mr. Jason's claims without prejudice because Mr. Jason has not exhausted his administrative remedies under 26 C.F.R. § 301.7433-1(d).

## STATEMENT

Brent Jason owes over $20,000 in back taxes, and beginning in March 2015, he attempted to set up a payment plan with the IRS.[4] Mr. Jason offered the IRS approximately $500 per month in installment payments, but the IRS rejected that offer.[5] Mr. Jason alleges that the IRS acted in bad faith in rejecting his offer to pay his delinquent tax bill by installment payments.[6]

In August 2015, Mr. Jason received a notice of forfeiture from the IRS, which he alleges did not include particular details regarding what property was to be seized, when the forfeiture would occur, or any opportunity for a hearing.[7] Mr. Jason filed an appeal; he states that he received letters thereafter from the IRS that rejected his appeal.[8] Mr. Jason states that his next interaction with the IRS was a phone call with an IRS employee he identifies as a "Settlement Officer."[9] Mr. Jason claims that the Settlement Officer, to his surprise, was actually conducting his appeal on this phone call, despite his belief that the IRS had already rejected his appeal.[10] On the call, Mr. Jason asked why his installment payments were rejected, requested a continuance of the appeal hearing, and asked why he was entitled to a hearing at all after receiving an appeal-rejection letter.[11]

---

[3] Motion to Dismiss – ECF No. 16.
[4] Compl. – ECF No. 1 at 2.
[5] *Id.*
[6] *Id.*
[7] *Id.* at 3.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

Mr. Jason states that he received a letter dated December 31, 2015, which denied his appeal.[12] Mr. Jason alleges that the letter misrepresented his testimony during the phone call, including his ability to make payments, his employment status, and his request for leave to file for bankruptcy protection.[13]

Mr. Jason claims that because of his treatment by the IRS, he has suffered severe emotional distress, which has caused the symptoms of "depression, lack of sleep, headaches, pain associated or typically related to cardiac issues in the chest, arms, neck, and head, lack of self-confidence, thoughts of helplessness, and fear."[14]

To remedy these afflictions, Mr. Jason makes a number of claims, including violation of due-process rights, First Amendment rights, deceptive and misleading business practices, fraud and misrepresentation, perjury, intentional infliction of emotional distress, and negligent infliction of emotional distress. Mr. Jason requests damages, stay of forfeiture, an injunction forcing the IRS to accept his payment plan, and leave to file bankruptcy.[15]

The government moved to dismiss the case for lack of subject-matter jurisdiction, citing sovereign immunity and the Tax Anti-Injunction Act as bars to Mr. Jason's suit.[16] Mr. Jason responded to the motion to dismiss, introducing a new argument regarding the government's waiver of sovereign immunity under 26 U.S.C. § 7433.[17] The government replied, arguing that Mr. Jason waived his § 7433 claim by not addressing it in his initial complaint.[18]

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 3-4.

[15] *Id.* at 4.

[16] *See* Motion to Dismiss – ECF No. 16.

[17] *See* Opposition to Motion to Dismiss – ECF No. 24.

[18] *See* Reply to Plaintiff's Response – ECF No. 25.

ORDER (No. 3:16-cv-00530-LB)           3

# GOVERNING LAW

## 1. Rule 12(b)(1)

A complaint must contain a short and plain statement of the ground for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1) jurisdictional attack can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). This is a facial attack; the court thus "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## 2. Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This is the doctrine of sovereign immunity. The Ninth Circuit has explained: "Before we may exercise jurisdiction over any suit against the government, we must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Id.* (quoting in part *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Mollison v. United States*, 568 F.3d 1073,

1075 (9th Cir. 2009) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)) (internal quotations omitted; alteration in original).

Absent a waiver, "a court does not have authority to award relief against the United States or a federal agency . . . ." *Isaacs v. United States*, No. 13-cv-01394-WHO, 2013 WL 4067597, at *1 (N.D. Cal. Aug. 1, 2013). "As the party asserting a claim against the United States, [the plaintiff] has the burden of 'demonstrating unequivocal waiver of immunity.'" *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)).

Sovereign immunity should be decided on the merits and can be raised at any time because it speaks to a court's jurisdiction. *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (citing *I.R.S. v. Fed. Labor Relations Auth.*, 521 F.3d 1148, 1152 (9th Cir. 2008)).

### 3. Civil Damages Suits Against the IRS

A taxpayer may bring suit against the United States for civil damages in relation to collection efforts of federal tax liabilities. 26 U.S.C. § 7433(a). Liability requires an officer or employee of the IRS to recklessly, intentionally, or negligently violate a provision of the Tax Code. *Id.* A suit under § 7433 is the exclusive remedy regarding civil suits for violations of the Tax Code. *Id.*

Damages under § 7433 are limited to the lesser of $1,000,000 for intentional and reckless violations and $100,000 for negligent violations, or the sum of actual damages proximately caused by the IRS employee or officer and costs of the action. 26 U.S.C. § 7433(b).

To file a claim under § 7433, the taxpayer must first exhaust all administrative remedies available. 26 U.S.C. § 7433(d)(1). A suit may not be filed in a federal district court until the earlier of two dates: the date of the decision of an administrative claim, or six months after the filing date of an administrative claim. 26 C.F.R. § 301.7433-1(d)(1). The administrative claim must be filed pursuant to 26 C.F.R. § 301.7433-1(e). The district court suit following exhaustion of administrative remedies cannot seek greater damages than sought in the administrative claim. 26 C.F.R. § 301.7433-1(f). The taxpayer has two years from the time the cause of action accrues until he or she files suit in federal court. 26 C.F.R. § 301.7433-1(g)(1).

### 4. Tax Anti-Injunction Act

Lawsuits against the United States government regarding federal tax matters may not seek to restrain "the assessment or collection of any tax . . . ." 26 U.S.C. § 7421(a). There are "several statutory exceptions and one judicial exception" to this rule. *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990). A district court "must dismiss for lack of subject-matter jurisdiction any suit that does not fall within one of the exceptions to the [Tax Anti-Injunction] Act." *Id.* (citing *Alexander v. Americans United, Inc.*, 416 U.S. 752, 757-58 (1974)).

## ANALYSIS

### 1. Sovereign Immunity Does Not Bar Mr. Jason's Lawsuit

The government correctly states that "no suit can be maintained against the United States unless it is in exact compliance with the terms of a statute under which sovereign immunity has been waived."[19] Although this requirement is strictly construed, 26 U.S.C. § 7433 provides precisely the type of explicit, unequivocal statutory waiver of sovereign immunity that the standard demands.

In its reply brief, the government argues that Mr. Jason cannot rely on § 7433 to establish waiver of sovereign immunity because he addressed the statute for the first time in his response brief, rather than in the complaint.[20] The government cites an axiom that the "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (citation omitted) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). *Frenzel* addresses the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim — not, as here, for a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. *Id.* at 1005. Subject-matter jurisdiction may be raised at any time in litigation and is not forfeited or waived when not raised in a complaint; courts have an affirmative duty to continuously examine whether subject-matter jurisdiction

---

[19] Motion to Dismiss – ECF No. 16 at 2.

[20] Reply to Plaintiff's Response – ECF No. 25 at 1-2.

exists. *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013).

Because the court dismisses the complaint with leave to amend for other reasons described below, there is no need to dismiss on this technicality.

### 2. Mr. Jason Failed to Exhaust Administrative Remedies

In order to file a lawsuit in this court for damages under § 7433, Mr. Jason must first exhaust his administrative remedies by following the regulatory procedure provided in 26 C.F.R. § 301.7433-1(d) & (e).[21]

The court dismisses Mr. Jason's claims without prejudice for failure to exhaust his administrative remedies, except as discussed below.

### 3. Mr. Jason's Requests for Injunctive Relief Violate the Tax Anti-Injunction Act

In addition to damages for alleged violations of his civil rights and for emotional distress, Mr. Jason requests five forms of injunctive relief: (1) stay of all forfeiture; (2) mandated institution of a payment plan for his delinquent taxes; (3) leave to file bankruptcy; (4) leave to obtain counsel; and (5) an order or recommendation to the IRS requesting policy changes in the way it handles appeals.

The first two requested injunctions relate directly to Mr. Jason's efforts to restrain the IRS's collection of his delinquent taxes. This falls squarely into the type of relief prohibited by the Tax Anti-Injunction Act. *See* 26 U.S.C. § 7421(a). Although there are a number of exceptions to this act, none of them apply here. No additional facts that Mr. Jason could allege would change this fact. Therefore, this court does not have jurisdiction to grant this relief, and dismisses with prejudice Mr. Jason's requests to stay forfeiture and mandate a payment plan.

Regarding Mr. Jason's requests for leave to file bankruptcy and to obtain counsel, the court dismisses these claims with prejudice because Mr. Jason can do either or both of these things at

---

[21] Helpful information on the administrative claims process can be found at https://www.irs.gov/irm/part25/irm_25-003-003.html and at https://www.irs.gov/pub/irs-pdf/p4235.pdf.

any time.

Regarding Mr. Jason's final request for injunctive relief, making policy requests is generally not within courts' jurisdiction. To the extent that the court is able to make policy recommendations, it declines to do so and dismisses this request with prejudice.

## CONCLUSION

The court dismisses without prejudice Mr. Jason's claims for damages against the IRS because he has not exhausted administrative remedies. The court dismisses with prejudice Mr. Jason's requests for injunctive relief.

**IT IS SO ORDERED.**

Dated: July 27, 2016

_____
LAUREL BEELER
United States Magistrate Judge